UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


HOME FUNDING GROUP, LLC           :
                                  :
v.                                : CIV. NO. 3:06CV1234 (HBF)
                                  :
NICHOLAS B. KOCHMANN and          :
PATRICK M. DOUGHERTY              :
                                  :


RULING ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Home Funding Group, LLC, ("Home Funding") brings

this action against defendants Nicholas Kochmann and Patrick

Dougherty for breach of their employment agreement.  The central

issues between the parties concern the non-competition,

confidentiality and non-solicitation provisions to the agreement.

Home Funding also seeks to enforce an "invention assignment"

clause entered into with defendant Kochmann only.

Defendants move to dismiss the complaint for lack of

personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

Plaintiff opposes this motion on several grounds.[1] [Doc.

_____

[1]Plaintiff argues that (1) defendants procedurally waived
their objection to personal jurisdiction by consenting to
jurisdiction in this Court; (2) the court has recognized the
employment agreement that defendants entered into with Home
Funding Group as valid and enforceable; (3) the forum selection
clause should be enforced; (4) the choice of applicable law
should be upheld; (5) the Court validated the entire 2006
Employment Agreement; (6) the employment agreement was supported
by sufficient consideration; and (7) defendants freely entered
into the 2006 employment agreement. The parties agree there is an
issue of fact whether defendants freely entered into the
employment agreement. Defendants contend they signed the
agreement under financial distress.  The parties agree to defer
this issue for consideration at trial.

#72].

For the reasons that follow, defendants' Motion to Dismiss
is **DENIED.  [Doc. #44].**

BACKGROUND

The following facts alleged in Home Funding's complaint must
be taken to be true for purposes of a motion to dismiss.

Home Funding is a New York corporation with its principal
place of business in Ridgefield, Connecticut.  Compl. ¶ 1. The
company is engaged in the residential mortgage brokerage
business. Id.  Defendant Nicholas B. Kochmann is a New Jersey
resident who resides in South Plainfield, New Jersey. Id. at ¶2.
Kochman was employed by Home Funding in its New Jersey branch as
a loan officer from January 2004 through May 1, 2006.  Id. at
¶¶2, 11. Defendant Patrick M. Dougherty is a New Jersey resident
who resides in Hackettstown, New Jersey. Id. at ¶3.  Dougherty
was employed by Home Funding in its New Jersey branch as a loan
officer from January 24, 2004 through July 18, 2006.  Id. at ¶¶3,
20.

Kochmann Agreements

Upon commencement of employment with Home Funding in January
2004, Kochmann executed an Employment Agreement addressing non-
competition and non-solicitation issues.  Id. Ex. A (the "2004
Kochmann Employment Agreement"). On or about January 26, 2004,
Kochmann executed an invention assignment agreement, whereby he

2

agreed that all inventions for the benefit of the Company's business belonged to and were the "exclusive property" of the Company. <u>Id.</u> ¶ 15. Kochmann also entered into a Non-Compete Agreement with Home Funding in January 2004. <u>Id.</u> Ex. B (the "2004 Kochmann Non-Compete Agreement").

On or about March 29, 2006, Kochmann executed a Home Funding Group LLC Loan Officer Employment Agreement (the "2006 Kochmann Employment Agreement"), modifying and superseding the prior employment agreement. <u>Id.</u> Ex. C.

On May 1, 2006, Kochmann resigned from Home Funding. Thereafter, he was hired by Hamilton Financial, a competing mortgage broker located in New Jersey. <u>Id.</u> ¶ 18.

<u>Dougherty Agreements</u>

Upon commencement of employment with Home Funding in January 2004, Dougherty executed an Employment Agreement addressing non-competition and non-solicitation issues. <u>Id.</u> Ex. D (the "2004 Dougherty Employment Agreement"). The 2004 Employment Agreement included an invention assignment clause, whereby he agree that all inventions for the benefit of the Company's business belonged to and were the "exclusive property" of the Company. <u>Id.</u> at 20. Dougherty also entered into a Non-Compete Agreement with Home Funding in January 2004. <u>Id.</u> Ex. E (the "2004 Dougherty Non-Compete Agreement").

On or about March 6, 2006, Dougherty executed a Home Funding Group LLC Loan Officer Employment Agreement (the "2006 Dougherty Employment Agreement"), modifying and superseding the prior

employment agreement.  <u>Id.</u> Ex. F

On July 18, 2006, Dougherty resigned from Home Funding. Thereafter, he was hired by Hamilton Financial, a competing mortgage broker located in New Jersey.  <u>Id.</u> ¶ 3, 24.

<u>The 2006 Employment Agreement</u>

The 2006 Employment Agreements for Kochmann and Dougherty contain identical choice of law provisions and forum selection clauses. Compl. Ex. C, F. The Agreements at paragraph 15 state, "[t]his Agreement shall be governed and interpreted according to the laws of the State of Connecticut."  The Agreements at paragraph 16 state,

> The Parties agree that should any dispute arise out of the interpretation or operation of this Agreement, such matters shall be litigated in federal district court in Connecticut, or in the event subject-matter jurisdiction is lacking, in a Connecticut State Court of competent jurisdiction. Accordingly, by execution of this Agreement, the parties are consenting to personal jurisdiction in Connecticut limited to the operation or interpretation of this Agreement.

Compl. Ex. C, F.

Defendants argue that the 2006 Employment Agreement is unenforceable because it was not executed by the parties.  On a motion to dismiss, the Court accepts the facts alleged in the complaint as true. Plaintiff has the burden of proof at trial to establish that the parties executed the employment agreement they seek to enforce.[2]

---

[2]Plaintiff states in its motion in opposition that the 2006 Employment Agreement between Mr. Dougherty and Home Funding was

Defendants also argue that the 2006 Employment Agreement is unenforceable because it was entered into without valid consideration. They argue that continued employment is not adequate consideration for noncompete and confidentiality provisions entered into after the start of employment. Based on the facts set forth in the complaint, defendants signed employment agreements within a time frame sufficiently contemporaneous with the start of their employment in 2004 for there to be adequate consideration for the agreement. See Van Dyck Printing Co. v. DiNicola, 43 Conn. Supp. 191, 196 (Conn. Super. Ct. 1993), aff'd, 231 Conn. 272 (1994). Temporal proximity between defendants' hiring and the signing of the 2004 employment contract is sufficient consideration. Russo Assocs., Inc. v. Cachina, No. 27 69 10, 1995 WL 94589, * 2 (Conn. Super. Ct. Feb. 28, 1995) ("The law presumes that such a covenant is supported by the employer's implied promise to continue the employee's employment; or his forbearance in not discharging the employee then and there.").

Here, defendants entered into another employment agreement in March 2006. They contend that the 2006 agreement was not supported by consideration, arguing that continued employment is

---

"inadvertently unsigned" by plaintiff but "the agreement remains enforceable." [Doc. #72 at 10, n.2]. Plaintiff argues that "[c]ourts routinely find that agreements can be valid and binding, even if not written, or if written and un-signed." Id. (citing cases). The Court relies on the Complaint and exhibits in ruling on this motion to dismiss. Whether the agreement is enforceable is a fact driven question and this issue may be renewed in a motion for summary judgment and/or at trial.

not sufficient consideration.[3]  In <u>Wesley Software Dev. Corp. v.</u>

<u>Burdette</u>, 977 F. Supp. 137 (D. Conn. 1997), this Court found

adequate consideration when an employment contract was signed

over a year after employment.  <u>Id.</u> at 141 (consideration found

where defendant was hired in November 1993 and signed the

employment agreement in January 1995). "Except as otherwise

prohibited at law, at-will employees may be terminated at an

employer's discretion, and thus, continued employment, even after

the start of the employment relationship, is sufficient

consideration to support a confidentiality agreement."  <u>NewInno,</u>

<u>Inc. v. Peregrim Development, Inc.,</u> No. CV010390074S, 2002 WL

---

[3]Specifically, defendants cite <u>Thermoglaze, Inc. v.</u>
<u>Morningsie Gardens Co.</u>, 23 Conn. App. 741, 745 (1991) for the
proposition that "modification of an agreement must be supported
by valid consideration and requires a party to do, or promise to
do, something further than, or different from, that which he is
already bound to do."  However, <u>Thermoglaze</u>, and the other cases
cited by defendants for this proposition did not involve
modification of an employment agreement and are thus
distinguishable on their facts.  <u>See</u> <u>Thermoglaze</u>, 23 Conn. App.
at 741 (modification of an agreement with a contractor to install
windows); <u>Sandelli v. Duffy</u>, 131 Conn. 155 (1944) (involving sale
of plants and flowers); <u>Dahl v. Edwin Moss & Son, Inc.</u>, 136 Conn.
147 (1949) (action to recover materials used in construction).
Similarly, defendants' reliance on <u>Torosyan v. Boehringer</u>
<u>Ingelheim Pharmaceuticals Inc.</u>, 234 Conn. 1, 18-20 (1993), <u>aff'd</u>,
234 Conn. 1 (1995), is also misplaced, as <u>Torosyan</u> involved
whether the issuance of a new employee manual had the effect of
modifying the terms of an implied employment contract.  Other
cases cited by defendants, <u>Minnesota Mining & Mfg. Co. v.</u>
<u>Francavilla</u>, 270 F. Supp. 2d 270, 279 (D. Conn. 2002) and <u>Branson</u>
<u>Ultrasonics Corp. v. Stratman</u>, 921 F. Supp. 909, 913 (D. Conn.
1996), for the proposition that "adequate consideration must be
given at the time of the signing of the covenant not to compete"
are also distinguishable upon closer reading.  The Court in
<u>Minnesota Mining</u> does not make this finding and the Court in
<u>Branson Ultrasonics</u> made a finding that the covenant not to
compete was entered into for adequate consideration without
further analysis or case citation.

318745450, *9 (Conn. Super. Ct. Dec. 3, 2002) (citing Wesley
Software Dev. Corp. v. Burdette, 977 F. Supp. 137, 144 (D. Conn.
1997); Russo Assocs., Inc., 1995 WL 94589, * 3 ("The law
presumes that such a covenant is supported by the employer's
implied promise to continue the employee's employment; or his
forbearance in not discharging the employee then and there.");
Sartor v. Town of Manchester, 312 F. Supp. 2d 238, 245 (D. Conn.
2004) ("Connecticut recognizes that continued employment is
adequate consideration to support non-compete covenants with at-
will employees.") (collecting cases)).

For purposes of this motion to dismiss, the Court finds that
the 2006 Employment Agreements were properly executed by the
parties and that the contract was supported by adequate
consideration.


STANDARD OF REVIEW

A motion to dismiss filed pursuant to Rule 12(b)(2), Fed. R.
Civ. P., is the appropriate procedure to challenge the existence
of personal jurisdiction over a defendant.  The existence of
personal jurisdiction is then determined on constitutional,
statutory or other substantive grounds.  See 2 James Wm. Moore,
et al., Moore's Federal Practice ¶ 12.31.

It is well established that "the plaintiff bears the burden
of showing that the court has jurisdiction over the defendant."
In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d
Cir. 2003) (per curiam);  Blockbuster, Inc. v. Galeno,  472 F.3d

53, 57 (2d Cir. 2006) (citing R.G. Barry Corp. v. Mushroom
Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979)); Metropolitan
Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir.
1996).  "Prior to discovery, a plaintiff may defeat a motion to
dismiss based on legally sufficient allegations of jurisdiction."
Metropolitan Life, 84 F.3d at 566. Ultimately, personal
jurisdiction must be proven by a preponderance of the evidence,
either at an evidentiary hearing or at trial.  See, A.I. Trade
Finance v. Petra Bank, 989 F.2d 76, 79 (2d Cir. 1993).  "But
where the issue is addressed on affidavits, all allegations are
construed in the light most favorable to the plaintiff and doubts
are resolved in the plaintiff's favor, notwithstanding a
controverting presentation by the moving party."  Id. at 79-80.

At the pleading stage, a plaintiff is required to make only
a prima facie showing of jurisdiction. DiStefano v. Carozzi N.
Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001); Whitaker v. Am.
Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001).  A court
may, on a motion to dismiss, "consider affidavits and documents
submitted by the parties without converting the motion into one
for summary judgment under Rule 56." Credit Suisse Sec. (USA)
LLC v. Hilliard,  469 F. Supp. 2d 103, 106-107 (S.D.N.Y. 2007)
(citing ESI, Inc. v. Coastal Corp., 61 F. Supp. 2d 35, 50 n. 54
(S.D.N.Y. 1999). For purposes of a motion to dismiss, the Court
must accept as true the allegations of the non-moving party and
must resolve all factual disputes in its favor.  CutCo
Industries, Inc. v. Naughton, 806 F.2d at 365, 361, 364 (2d Cir.

1986). The court, however, will not "will not draw
'argumentative inferences' in the plaintiff's favor," but will
"construe jurisdictional allegations liberally and take as true
uncontroverted factual allegations." Robinson v. Overseas
Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994).
"Conclusory allegations are not enough to establish personal
jurisdiction." Harris v. Wells, 832 F. Supp. 31, 34 (D. Conn.
1993). As a result of applying the prima facie standard, "a
denial of the motion to dismiss is an implicit deferral until
trial of the final ruling on jurisdiction." Boit v. Gar-Tec
Prods., Inc., 967 F.2d 671 (1st Cir. 1992).


          DISCUSSION

     1.   Consent to Personal Jurisdiction

     Plaintiff argues that defendants "engaged in a lengthy
series of acts in which they expressed no opposition to this
Court's exercise of jurisdiction and through which defendants
waived any argument against submitting to personal jurisdiction."
[Doc. #72 at 2]. Although Home Funding uses the term "waiver,"
the Second Circuit distinguished waiver, which is the
"intentional relinquishment of a known right," from forfeiture,
"[w]here a litigant's action or inaction is deemed to incur the
consequence of loss of a right." See Hamilton v. Atlas Turner,
Inc., 197 F.3d 58, 61 (2d Cir. 1999). On August 8, 2006,
plaintiff filed the Complaint and Application for a Temporary
Restraining Order ("TRO"). [Doc. ##2, 5]. Defendant Kochmann was

served on August 10, 2006 [doc. #18] and defendant Dougherty was served on August 13, 2006. [Doc. #17]. On August 18, 2006, the Court held a telephone conference, [doc. #18]. Plaintiff states that, "[d]efendants' counsel filed and served a Brief in opposition to the TRO Motion, and proceeded to actively participate in the TRO hearing" and "made no opposition to this Court's jurisdiction."[4] [Doc. #72 at 2; see Doc. #42, Ex. 6]. No opposition to the TRO was filed with the Court. Defendants did not file a pro se appearance. Judge Eginton entered a TRO on August 18, 2006. [Doc. #20].

On September 1, 2006, Attorney Rebecca Kirkman, acting on behalf of defendants, faxed a copy of defendants' Answer to plaintiff's counsel with a signature line for Attorney Kirkman. [Doc. #42 at Ex. 7]. On September 7, 2006, defendants filed their Answer pro se [Doc. #27]; in paragraphs 5 and 107 of the Answer, defendants state,

> 5. Defendants acknowledge that the contracts signed by them state that they consented to this Court's exercise of personal jurisdiction in this case. Defendants adamantly deny that those contracts are valid and therefore deny that they have willingly consented to this Court's exercise of personal jurisdiction in this case. Defendants there fore deny that this court has personal jurisdiction over them.

> 107. The lack of valid contracts between Plaintiff and Defendants further deprives this Court of personal jurisdiction over Defendants as no valid agreement by

---

[4]On August 18, 2006, Attorney Kirkman faxed defendants' opposition to the TRO to plaintiff's counsel but did not file the opposition with the Court. [Doc. #42 at Ex. 6].

> Defendants, agreeing to this Court's personal
> jurisdiction over them, exists.

[Doc. #27 at 3, ¶¶ 5, 107]. In the prayer for relief, defendants
sought dismissal "on the grounds that [the Court] has no personal
jurisdiction over Defendants." Id. at 33.

On September 19, 2006, Attorney Ira Grudberg appeared on
behalf of all defendants as local counsel. [Doc. #30]. Attorney
Rebecca Kirkman appeared pro hac vice for defendants on September
21, 2006.[5] [Doc. ##36, 38]. Defendants filed a Motion to Dismiss
for Lack of Personal Jurisdiction on October 10, 2006. [Doc.
#44].

Defendants deny that they forfeited any objection to the
personal jurisdiction of the Court. [Doc. #45 at 29-30].
However, they admit that "[w]hile attempting to locate
representation within the forum state, Defendants filed their
Answer pro se. Defendants' counsel was only admitted pro hac
vice on the 21st of September, 2006. This Motion to Dismiss [was]
filed within mere days of counsel's admission. It is therefore
quite timely." [Doc. #45 at 30]. Defendants contend that because
they had difficulties finding local counsel, they "were forced to
represent themselves pro se in the early stages of the case."
[Doc. #75 at 17]. Defendants argue that the record establishes
"no unreasonable delay" in objecting to the Court's personal

_____

[5]Attorney Kirkman's license to practice law in the State of
New Jersey was placed on retired status from February 9, 1987
through September 19, 2006. Her license was placed on active
status on September 20, 2006. [Doc. #42 at Ex. 3].

jurisdiction. [Doc. #75 at 17].

Here, defendants objected to personal jurisdiction in their Answer on September 7 and a Motion to Dismiss for Lack of Personal Jurisdiction on October 10, 2007. [Doc. ##27, 44]. "A defendant must object to the court's exercise of personal jurisdiction in the first Rule 12 motion or in the responsive pleading or be deemed to have waived the issue, . . . ." 2 James Wm. Moore, Moore's Federal Practice, §12.31[3] (3d ed. 2006). While defendants participated in a court ordered conference call with Judge Eginton on August 18, 2006 to address the Motion for a TRO, defendants had not filed a <u>pro se</u> appearance at the time, they did not file an objection to the TRO and they were not represented by counsel. "Rule 12(h)(1) 'advises a litigant to exercise great diligence in challenging personal jurisdiction. . . or service of process. If he wishes to raise [either] of these defenses he must do so at the time he makes his first significant defensive move . . . .'" <u>Transaero, Inc. v. La Fuerza Aerea Boliviana</u>, 162 F.3d 724, 730 (2d Cir. 1998) (quoting, 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Proceduress 1391 (1990). On this record, the Court cannot find that the defendants forfeited their objection to the Court's exercise of personal jurisdiction.

    2. <u>Forum Selection Clause</u>

In light of the factual allegations in the Complaint and the contracts, the Court holds that the 2006 Employment Contract contains a valid and enforceable forum selection clause.

"The requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly." <u>Transaero, Inc.</u>, 162 F.3d at 729. Thus, "parties to a contract may agree in advance to submit to the jurisdiction of a given court." <u>Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 703-04 (1982). The existence of a valid and enforceable forum selection clause "obviat[es] the need for a separate analysis of the propriety of exercising personal jurisdiction." <u>Packer v. TDI Sys., Inc.</u>, 959 F. Supp. 192, 196 (S.D.N.Y. 1997). Paragraph 16 of the 2006 Employment Agreement contains a forum selection clause which requires that any suit arising out of the contract be brought in Connecticut, and provides that the parties consent to the personal jurisdiction of Connecticut's courts. Compl. Ex. C, F.

It is well established that parties may consent to a court's personal jurisdiction. <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10 (1972) (holding the doctrine to be followed by federal district courts sitting in admiralty is that forum selection clauses are "prima facie valid."). In <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 15 (1972), the Supreme Court held that a court sitting in admiralty should enforce a freely negotiated, international forum selection clause unless the resisting party makes a strong showing that: (1) enforcement would be "unreasonable and unjust"; (2) the clause was obtained through "fraud or overreaching"; or (3) enforcement would "contravene a strong public policy" of the forum state. <u>Id.</u> at 15. The Supreme

Court in <u>M/S Bremen</u> held that a contractual forum selection clause "should control absent a strong showing that it should be set aside." <u>See</u> <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. 585, 589 (1991) (affirming that forum selection clauses are "prima facie valid," and indicating that this rule extends to <u>all</u> actions in federal court); <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 473 n. 14 (1985); <u>Jones v. Weibrecht</u>, 901 F.2d 17, 18 (2d Cir. 1990) (applying the presumption of validity in this Circuit to diversity and other non-admiralty cases).

The defendants contend that the forum selection clause contained in the 2006 Employment Agreement is unenforceable because they signed the contract (1) under threat of termination; (2) without an opportunity to review the contract or consult a lawyer; and (3) "under protest and duress" and threat of severe economic harm. [Doc. #45 at 3-4, 8, 25, 27; Doc. #75 at 4-5, 13]. Defendants contend that the "vast disparity in the bargaining power between the parties . . . weighs heavily against the enforcement of the agreement." [Doc. #45 at 25]. The parties agree that whether the 2006 Employment Agreement was signed "under protest and duress" is a question of fact. Further, the burden of proof is on defendants to "clearly show that enforcement of the forum selection clause would be unreasonable and unjust or that the clause was invalid for such reasons as fraud or overreaching . . . [or] enforcement would contravene a strong public policy of the forum in which suit is brought." <u>M/S Bremen</u>, 407 U.S. at 15. Based on the factual allegations in

14

the Complaint and the exhibits, the Court finds that the forum selection clause contained in the 2006 Employment Agreement is valid.  The defendants are left to their proof at trial on this issue.

   3.  Validity of the 2006 Employment Agreement

   Finally, plaintiff argues that "at the August 18, 2006 motion hearing prior to the entry of the TRO, this Court endorsed the legitimacy, validity, and reasonableness of Home Funding Group's 2006 Employment Agreement.  The Court disagrees.[6]  The telephone conference held on August 18, 2006, was not on the record.  Thus, there is no transcript to test the validity of plaintiff's claim and there is no specific finding by the Court in the Order granting the TRO.

---

[6]Judge Eginton entered a Temporary Restraining Order on August 18, 2006, stating, in relevant part, that "immediate and irreparable injury, loss, and damage will result to Home Funding Group if this Order is not granted, and there is good and sufficient reason to enter this Order immediately." [Doc. #20 at 1].

CONCLUSION

For the reasons that follow, defendants' Motion to Dismiss is **DENIED** on the current record.  The Court will consider the parties' issues of fact at trial.

This is not a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge [Doc. #148] on May 15, 2007, with appeal to the Court of Appeals.


SO ORDERED at Bridgeport this 6th day of June 2007


___/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE